## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| DARIUS TAUREAN CALDWELL, | : | MOTION TO VACATE |
| Fed. Reg. No. 70287019, | : | 28 U.S.C. §2255 |
| Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:16-CR-355-MHC-JSA-1 |
| | : | |
| UNITED STATES, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:21-CV-2884-MHC-JSA |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

The matter is before the Court on Movant's three motions for appointment of counsel [Docs. 198, 199, 201] and his motion to vacate his sentence pursuant to 28 U.S.C. §2255 [Doc. 202]. Movant apparently seeks to raise claims for reduction of his sentence based on, *inter alia*, *United States v. Davis*, __ U.S. __, 139 S. Ct. 2319, 2336 (2019), in which the Supreme Court held that 18 U.S.C. §924(c)(3)(B), otherwise known as the "residual clause" of the enhancement provisions contained in §924(c), was unconstitutionally vague. *Id.*

I.   Procedural History

On January 23, 2018, a grand jury in the Northern District of Georgia entered a superseding indictment against Movant and charged him with: armed bank robbery of a Noa Bank in Smyrna, Georgia on August 24, 2016, in violation of 18 U.S.C. §§2113(a) and (d) (Count One); armed robbery of a Bank of America ("BOA") in Smyrna, Georgia on September 7, 2016, in violation of 18 U.S.C. §§2113(a) and (d)

(Count Three); two counts of brandishing a firearm in relation to a crime of violence, *i.e.,* armed bank robbery, in violation of 18 U.S.C. §§924(c)(1)(A) and 924(c)(1)(A)(ii) (Counts Two and Four); and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1) (Count Five).  (Doc. 88).  Following a jury trial, Movant was convicted of all counts on April 12, 2018. (Docs. 113, 115).  On August 6, 2018, U.S. District Judge Mark H. Cohen sentenced Movant to a net total of 384 months and one day of imprisonment.[1]  (Doc. 138). Importantly, under the law at the time, Judge Cohen sentenced Movant on the brandishing a firearm conviction in Count Four to a mandatory minimum twenty-five years consecutive to the conviction for brandishing a firearm in Count Two.  *See* 18 U.S.C. §924(c)(1)(C)(i) (2017).

On direct appeal, Movant argued that the Court erroneously denied his motions: (1) to suppress evidence of a BOA bank teller's out-of-court identification of him; (2) for judgment of acquittal on the BOA armed robbery count based on the Government's alleged failure to prove that the bank was FDIC insured the day Movant robbed it; and (3) for a new trial based on the improper admission of DNA testimony.  *United States v. Caldwell*, 963 F.3d 1067, 1069, 1075-78 (11th Cir.

---

[1]      Specifically, Movant was sentenced to one day of imprisonment for the armed robbery and felon-in-possession convictions, to be served concurrently, 84 months for the first firearm-brandishing conviction, to be served consecutively to all other counts, and 300 months on the second firearm-brandishing conviction, to be served consecutively to all other counts.  (Doc. 138).

2020), *cert denied*, __ U.S. __, 141 S. Ct. 836 (Nov. 9, 2020).  On June 24, 2020, the Eleventh Circuit affirmed Movant's convictions and sentences in a published opinion.  *Id.*; (Doc. 186).  The Supreme Court denied Movant's petition for a writ of certiorari on November 9, 2020.  *Caldwell v. United States*, No. 20-5957, __ U.S. __, 141 S. Ct. 836 (Nov. 9, 2020); (Doc. 189).

Movant filed a *pro se* §2255 motion to vacate his sentences in this Court on February 5, 2021, and raised the following grounds for relief:  (1) law enforcement did not read Movant his *Miranda* rights before questioning him; (2) the Government did not meet its burden of proof with regard to establishing Movant's identity as the bank robber in either the Noa or the BOA robberies; (3) no fingerprints were found that could have been attributable to Movant, and the DNA expert used a faulty software program; and (4) Movant could not have been the person who committed the BOA robbery because he has tattoos on his arm and the surveillance video did not clearly depict those tattoos.  (Doc. 191).  The Government responded to the §2255 motion on March 26, 2021 [Doc. 194]; however, Movant moved to withdraw the §2255 motion on May 10, 2021 [Doc. 195].  On July 26, 2021, the Court allowed Movant to withdraw the §2255 motion to vacate.  (*See* Docs. 196, 200).

Meanwhile, Movant filed two motions for appointment of counsel [Docs. 198, 199], and yet another request after his §2255 motion was withdrawn [Doc. 201].  Because it appears that Movant seeks counsel in order to raise *Davis* and other

claims, out of an abundance of caution the undersigned directed the Clerk to docket Movant's first motion for appointment of counsel as both a motion for counsel and a §2255 motion challenging his convictions and sentences, and directed the Government to respond to the §2255 motion.  (*See* Docs. 201, 202, 203). The Government now has filed its response.  (Doc. 205).

II.    Discussion

A.    Relevant Law

A person who "during and in relation to any crime of violence" uses, carries, or brandishes a firearm is subject to a mandatory seven-year term of imprisonment. 18 U.S.C. §924(c)(1)(A)(ii).  For purposes of this section, the term "crime of violence" means an offense that is a felony and "has an element the use, attempted use, or threatened use of physical force against the person or property of another," typically referred to as the "use of force" or "elements" clause.  18 U.S.C. §924(c)(3)(A).  The Supreme Court struck down the "residual clause" contained in 18 U.S.C. §924(c)(3)(B), which provided that a crime of violence also could mean an offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Davis*, 139 S. Ct at 2336.

In his three motions, Movant apparently seeks counsel to argue that:  (1) his convictions for armed bank robbery are not crimes of violence under §924(c); (2)

4

his crimes are akin to Hobbs Act Robbery, which, according to Movant, is not itself a qualifying offense under the use of force or "enumerated offenses" clause;[2] (3) U.S.S.G. §4B1.2 is constitutionally vague; and (4) there is a huge disparity between the sentence he received and to what he would be sentenced if he was convicted of the same crimes today.  (Doc. 199).

B.   Movant's Claims Appear To Be Procedurally Defaulted.

Movant filed his notice of appeal on August 14, 2018, and it was docketed in the Eleventh Circuit that same day.  (Doc. 140); *United States v. Caldwell*, Appellate Action No. 18-13426 (PACER).  On December 14, 2018, Movant filed a motion in the Eleventh Circuit to stay the appellate proceedings in order to present a motion for new trial to this Court.  *Caldwell*, Appellate Action No. 18-13426.  Specifically, Movant wanted a new trial because he received a post-trial disclosure from the FBI which indicated that the DNA expert's testimony deviated from recommended language concerning the likelihood that the DNA found was attributable to Movant. *Id.* The Eleventh Circuit held his appellate proceedings in abeyance on January 11, 2019.  At that time, Movant had not yet filed his appellate brief.  *Id.*

Movant filed the motion for new trial in this Court on February 28, 2019, and raised the issue of the DNA expert's testimony.  (Doc. 172).  The Government filed

---

[2]   In using the term "enumerated offenses" presumably Movant refers to the elements clause in 18 U.S.C. §924(c)(3)(A).

its response on April 23, 2019 and Movant filed his reply on May 21, 2019.  (Docs. 176, 179).  On June 24, 2019, Judge Cohen denied the motion for new trial.  (Doc. 180).  Thereafter, the Eleventh Circuit entered a briefing schedule in Movant's appellate proceedings on July 3, 2019, Movant filed his brief on July 24, 2019, and the Government filed its response on September 6, 2019.  *Caldwell*, Appellate No. 18-13426.  The Eleventh Circuit held oral argument on May 19, 2020, and affirmed Movant's convictions and sentences on June 24, 2020.  *Id.*

The Supreme Court decided *Davis* on June 24, 2019, well over a year before the Eleventh Circuit issued its decision in Movant's appeal.  "A claim is procedurally defaulted, such that the prisoner cannot raise it in a collateral proceeding, when a defendant could have raised an issue on direct appeal but did not do so."  *Hill v. United States*, 569 F. App'x 646, 647 (11th Cir. 2014).  *See also Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004) ("Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a 28 U.S.C. §2255 challenge.").  Because Movant did not raise his *Davis* challenge on appeal, it would be procedurally defaulted unless he can demonstrate cause, prejudice, or that he is actually innocent to overcome the procedural default.  *See McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011).  Even if Movant could overcome the procedural default, however, his *Davis* claim fails on the merits.

C. *Davis* Does Not Apply To Movant's Convictions.

    1. Movant's Armed Bank Robbery Convictions Undoubtedly Constitute Crimes Of Violence.

To the degree that Movant argues that his armed bank robberies do not qualify as crimes of violence under §924(c), he is simply wrong. Indeed, "[a] federal prisoner raising a *Davis* claim cannot show that he was sentenced under §924(c)'s residual clause if current binding precedent clearly establishes his predicate offense qualifies as a crime of violence under the elements clause." *Levatte v. United States*, 805 F. App'x 658, 659 (11th Cir. 2019) (citing to *Pollard*, 931 F.3d at 1321). Put another way, in order to demonstrate that he is entitled to relief under *Davis*, a prisoner "will have to show that his §924(c) conviction resulted from application of solely the residual clause." *In re Hammoud*, 931 F.3d 1032, 1041 (11th Cir. 2019). Movant cannot do so.

The Eleventh Circuit's current binding precedent – both before and after the Supreme Court decided *Davis* – clearly establishes that armed bank robbery qualifies as a crime of violence under the use of force or elements clause. *See In re Hines*, 824 F.3d 1334, 1336-37 (11th Cir. 2016) (holding that "a conviction for armed bank robbery clearly meets the requirement for an underlying felony offense" under the elements clause in §924(c)(3)(A) without regard to the residual clause) (pre-*Davis*); *In re Pollard*, 931 F.3d 1318, 1321 (11th Cir. 2019) (holding the defendant's conviction for armed robbery of a credit union – which, the Eleventh Circuit found,

is interchangeable with armed robbery of a bank – qualifies under the use of force clause as a crime of violence despite the Supreme Court's invalidation of the residual clause in *Davis*).   Also, Movant was not sentenced under the now-invalidated residual clause at all; therefore, he cannot show that he was solely sentenced thereunder.   As a result, Movant cannot establish that he is entitled to relief under *Davis*.

2.   <u>Movant's Hobbs Act Robbery Argument Fails.</u>

Insofar as Movant argues that armed bank robbery is akin to Hobbs Act robbery and that the Eleventh Circuit has invalidated such convictions as crimes of violence after *Davis*, this argument also is misplaced.  To the contrary, the Eleventh Circuit specifically has held that Hobbs Act robbery does, in fact, qualify as a crime of violence under §924(c)'s elements clause.  *See United States v. St. Hubert*, 909 F.3d 335, 351 (11th Cir. 2018), *abrogated on other grounds by Davis*, 139 S. Ct. 2319.   And *Davis* did not abrogate that specific holding.   *See United States v. Buckner*, 808 F. App'x 755, 761 (11th Cir. 2020) (rejecting prisoner's claim that *Davis* abrogated *St. Hubert*, *supra*, and holding that *St. Hubert* remains "valid binding precedent" that "a conviction for substantive Hobbs Act robbery categorically qualifies as a crime of violence under §924(c)'s elements clause."). *Cf. Samson v. United States*, 851 F. App'x 950, 953-54 (11th Cir. 2021) (citing to *St. Hubert* and stating that in contrast to a conspiracy to commit Hobbs Act robbery,

8

"attempted Hobbs Act robbery categorically qualifies as a crime of violence under

the §924(c)(3) elements clause" and thus is a valid predicate even after *Davis*).  Thus,

even if Movant is correct that armed bank robbery is akin to Hobbs Act robbery –

which this Court does not decide – his predicate crimes still qualify as crimes of

violence after *Davis*.

      D.     Movant Cannot Challenge U.S.S.G. §4B1.2

To the extent that Movant claims that U.S.S.G. §4B1.2 is unconstitutionally

vague, the Court first notes that Movant was not sentenced as a career offender under

that guideline.[3]   Regardless, "the Guidelines are not subject to a vagueness

challenge" and "[t]he residual clause in §4B1.2(a)(2) therefore is not void for

vagueness." *Beckles v. United States*, __ U.S. __, 137 S. Ct. 886, 892 (2017).  *See*

*also In re Griffin*, 823 F.3d 1350, 1354 (11th Cir. 2016) ("[T]he Sentencing

Guidelines cannot be challenged as unconstitutionally vague."); *accord Robinson v.*

*United States*, 773 F. App'x 520, 523 (11th Cir. 2019) ("*Griffin* forecloses

[Robinson's] challenge to the mandatory career offender enhancement.").

---

[3]     U.S.S.G. §4B1.1 provides a sentencing enhancement for career offenders, if the defendant was at least eighteen when committing the offense of conviction, the conviction is a felony that is either a crime of violence or a controlled substance offense, and the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.  U.S.S.G. §4B1.1.  Section 4B1.2 provides the definitions for the terms set forth in §4B1.1 and contains a residual clause that is identical to the residual clause in, *inter alia*, §924(c).

E.     Movant's Sentence Cannot Be Reduced Based On The First Step Act.

Finally, to the degree that Movant contends that his sentence should be reduced because a similarly situated defendant would receive a lesser sentence if sentenced today for the same offenses, his argument is of no consequence.  To that end, Movant's argument appears to rely on the change to §924(c)(1)(C) as a result of the First Step Act, of 2018 §403, Pub. L. No. 115-391, 132 Stat. 5194, 5221-22 (codified at 18 U.S.C. §924(c)(1)(C)).  Specifically, as discussed previously in Section I, at the time Movant was sentenced §924(c)(1)(C) "required courts to impose a 25-year mandatory minimum consecutive sentence for any 'second or subsequent conviction under [§924(c)].'"  *United States v. Smith*, 967 F.3d 1196, 1211-13 (11th Cir. 2020) (citing 18 U.S.C. §924(c)(1)(C) (2017)).  Importantly, "[t]he Supreme Court had interpreted the 25-year mandatory minimum as applying to second (and third, and fourth, and so on) §924(c) convictions within a single prosecution."  *Smith*, 967 F.3d at 1210.

The First Step Act did, in fact, change how courts should sentence defendants under §924(c)(1)(C), by making it clear that the mandatory minimum 25-year consecutive sentences for second or subsequent §924(c) convictions apply only where that second or subsequent conviction occurs after the previous one has become final.  *See* First Step Act §403(b); *Smith*, 967 F.3d at 1210.  Thus, after the First Step Act went into effect, courts no longer were required to sentence a

10

defendant to a consecutive 25 years if he was convicted of two or more §924(c) offenses in the same prosecution. *Smith*, 967 F.3d at 1210.

Unfortunately for Movant, however, Congress made it clear that the law would not be applied retroactively. *See* First Step Act of 2018 §403(b) ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, *if a sentence for the offense has not been imposed as of such date of enactment*.") (emphasis added). Thus, the First Step Act would not be retroactively applicable to Movant, whose sentence was imposed on August 6, 2018, before the First Step Act was enacted on December 31, 2018. *See, e.g., United States v. Smith*, 967 F.3d 1196, 1211-13 (11th Cir. 2020) (holding that §403, which was enacted "just a little more than three months after [the defendant] was sentenced," did not apply).

Likewise, any such change between the law when Movant was convicted and enactment of the First Step Act does not provide an "extraordinary and compelling reason" to modify Movant's sentence under 18 U.S.C. §3582(c)(1)(A). *See United States v. Bryant*, 996 F.3d 1243, 1251,1257 (11th Cir. 2021) (rejecting prisoner's argument that his sentence should be reduced pursuant to 18 U.S.C. §3582(c)(1)(A) since he would not be subject to a 25-year mandatory minimum if he were sentenced today under the First Step Act, and finding that the disparity between sentences before and after the First Step Act was enacted is not an extraordinary and

11

compelling reason to reduce the prisoner's sentence).  As a result, Movant would not qualify under 18 U.S.C. §3582(c)(1)(A) for reduction of his sentence based on any such disparity.

Because Movant cannot prevail on any of his arguments, the §2255 motion and Movant's requests for counsel should be denied.

## III.   Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Movant's §2255 motion [Doc. 202] be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Movant's requests for appointment of counsel for the purpose of raising the issues raised in the §2255 motion [Docs. 108, 199, 201] be **DENIED AS MOOT**.

## IV.   Certificate Of Appealability ("COA")

Pursuant to Rule 11 of the rules Governing §2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)."  28 U.S.C. §2253(c)(2) provides that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  In order for the certification requirement to fulfill its function of weeding out frivolous

appeals, a court should not automatically issue a COA; rather, the applicant must prove "something more than the absence of frivolity" or "the existence of mere 'good faith' on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citations omitted).

Movant need not prove, however, that some jurists would grant the §2255 motion. *See id.* "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *See Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El*, 537 U.S. at 325). In other words, Movant need only demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the foregoing discussion, reasonable jurists would not find "debatable or wrong" the undersigned's determination that Movant has failed to demonstrate that his sentence should be modified.

Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED** this 10th day of September, 2021.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE