IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DARIUS TAUREAN CALDWELL, <br><br> Movant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | CIVIL ACTION FILE <br> NO. 1:21-CV-2884-MHC <br><br><br><br> CRIMINAL ACTION FILE <br> NO. 1:16-CR-355-MHC |

# ORDER

Movant Darius Taurean Caldwell was convicted in this Court after a jury trial of two counts of armed bank robbery, two counts of brandishing a firearm in relation to a crime of violence, and one count of being a felon in possession of a firearm. J. in a Criminal Case [Doc. 138]. This Court sentenced him to a net total of three-hundred and eighty-four (384) months and one day of imprisonment. Id. After his direct appeal, the Eleventh Circuit affirmed Caldwell's convictions and sentences in a published opinion. United States v. Caldwell, 963 F.3d 1067 (11th Cir. 2020). The Supreme Court denied Caldwell's petition for a writ of certiorari. Caldwell v. United States, No. 20-5957, 141 S. Ct. 836 (Nov. 9, 2020).

Caldwell filed a 28 U.S.C. § 2255 motion to vacate [Doc. 191], which this Court allowed Caldwell to withdraw [Doc. 200]. Caldwell then filed three motions

for appointment of counsel [Docs. 198, 199, 201]. Caldwell also filed a fourth motion for appointment of counsel [Doc. 202] indicating that he sought relief under United States v. Davis, 139 S. Ct. 2319 (2019), in which the Supreme Court held that 18 U.S.C. § 924(c)(3)(B), otherwise known as the "residual clause" of the enhancement provisions contained in 18 U.S.C. § 924(c),[1] was unconstitutionally vague. Out of an abundance of caution, Magistrate Judge Justin S. Anand directed the Clerk to docket the fourth motion as both a motion for appointment of counsel and as a motion to vacate pursuant to § 2255 and ordered the Government to respond to the § 2255 motion [Docs. 202, 203].

After the Government filed its response to the motion to vacate [Doc. 205], Magistrate Judge Anand issued his Report and Recommendation ("R&R") [Doc. 206][2] in which he recommends that the § 2255 motion be denied because Caldwell's Davis claim is procedurally defaulted because he failed to raise the claim in his direct appeal, and the claim fails on its merits because Caldwell's sentence was not enhanced based on the § 924(c)(3)(B) residual clause. Armed

---

[1] Caldwell received enhanced, consecutive sentences for his § 924(c) brandishing a firearm convictions.

[2] The Order for Service of the R&R [Doc. 207] provided notice that, in accordance with 28 U.S.C. § 636(b)(l), the parties were authorized to file objections within fourteen (14) days of the receipt of that Order.

bank robbery is clearly a crime of violence under the § 924(c)(3)(A) elements clause, In re Hines, 824 F.3d 1334, 1336-37 (11th Cir. 2016), and Caldwell's sentence was properly enhanced.

Magistrate Judge Anand further concluded that Caldwell's challenge to U.S.S.G. § 4B1.2, which enhances sentences of career offenders, failed because Caldwell was not sentenced under that provision. Magistrate Judge Anand also determined that Caldwell is not entitled to relief under the First Step Act, 18 U.S.C. §924(c)(1)(C).

In reviewing a Magistrate Judge's R&R, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(l). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (internal quotation marks omitted) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(l), and need only satisfy itself that there is no plain error on the face of the record in order to

accept the recommendation.  See United States v. Slay, 714 F.2d 1093,1095 (11th Cir. 1983).  In accordance with 28 U.S.C. § 636(b)(l) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a de novo review of those portions of the R&R to which objections have been made and has reviewed the remainder of the R&R for plain error.  See Slay, 714 F.2d at 1095.

In his objections [Doc. 209] to the R&R, Caldwell details numerous ways in which the evidence presented at his trial was not sufficient to support his convictions.  He does not mention the Davis, U.S.S.G. § 4B1.2, or First Step Act issues at all.  As Caldwell raises arguments as to the sufficiency of the evidence against him for the first time in his objections to the R&R, this Court declines to consider them.  See Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."); see also United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000) (holding that district courts are not required to consider supplemental factual allegations presented for the first time in objections to a magistrate judge's report and recommendation).

Caldwell has not raised any specific objection to Magistrate Judge Anand's findings or conclusions.  The Court has reviewed the R&R and finds no plain error

and that the R&R is supported by law.  Accordingly, it is hereby **ORDERED** that Caldwell's Objections to the R&R [Doc. 209] are **OVERRULED**.

This Court **APPROVES AND ADOPTS** the Final Report and Recommendation [Doc. 206] as the opinion and order of the Court.  It is hereby **ORDERED** that Caldwell's § 2255 motion [Doc. 202] is **DENIED**, and his various motions for appointment of counsel, [Docs. 198, 199, 201] are **DENIED** as moot.  The Clerk is **DIRECTED** to close Civil Action No. 1:21-CV-2884-MHC.

This Court further agrees with Magistrate Judge Anand that Caldwell has failed to make "a substantial showing of the denial of a constitutional right," and a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2). Caldwell may not appeal the denial of his Certificate of Appealability but may seek a certificate from the Eleventh Circuit Court of Appeals under Federal Rule of Appellate Procedure 22.  Rule 11(a), Rules Governing § 2255 Cases in the United States District Courts.

**IT IS SO ORDERED** this 15th day of November, 2021.

_____
MARK H. COHEN
United States District Judge

5