IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DARIUS TAUREAN CALDWELL,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MOTION TO VACATE<br>28 U.S.C. § 2255<br><br>CRIMINAL ACTION FILE<br>NO. 1:16-CR-355-MHC-JSA-1<br><br>CIVIL ACTION FILE<br>NO. 1:21-CV-2884-MHC-JSA |

## ORDER

This matter is before the Court for review of the Magistrate Judge's Final Report and Recommendation ("R&R") [Doc. 283] in which the Magistrate Judge recommends that the operative 28 U.S.C. § 2255 Motion ("Operative § 2255 Mot.") [Doc. 213] be denied. The Order for Service of the R&R [Doc. 284] provided notice that, in accordance with 28 U.S.C. § 636(b)(1), the parties were authorized to file objections within fourteen (14) days of the receipt of that Order. Movant Darius Taurean Caldwell has filed his Objections to the R&R ("Objs.") [Doc. 289].

I.   BACKGROUND

On April 12, 2018, Movant was convicted by a jury of this Court of two counts of armed bank robbery, two counts of brandishing a firearm in relation to a

crime of violence, and one count of being a felon in possession of a firearm. Jury Verdict [Doc. 115]. On August 6, 2018, this Court sentenced Movant to a net total of 384 months and one day of imprisonment. J. in a Criminal Case [Doc. 138]. The Eleventh Circuit affirmed Movant's convictions and sentences in a published opinion. United States v. Caldwell, 963 F.3d 1067 (11th Cir. 2020). The Supreme Court denied Movant's petition for a writ of certiorari. Caldwell v. United States, No. 20-5957, 141 S. Ct. 836 (Nov. 9, 2020).

The Magistrate Judge set forth the protracted and complicated history of Movant's post-conviction efforts, R&R at 2-7, and that summary is incorporated herein. For present purposes, it suffices to note that after this matter was remanded by the Eleventh Circuit [Doc. 248] with instructions to review the Operative § 2255 Motion (which this Court had previously denied as successive), this Court appointed Movant with counsel [Doc. 254] who filed an Amended § 2255 Motion [Doc. 261]. However, for reasons not relevant to this discussion, appointed counsel withdrew her Amended § 2255 Motion and withdrew from representing Movant [Docs. 278, 279]. On March 18, 2025, the Magistrate Judge then gave Movant "one final opportunity to submit a *pro se* amended § 2255 motion" and instructed Movant that, if he failed to file an amended motion, this Court may dismiss his § 2255 proceedings. Mar. 18, 2025, Order [Doc. 280] at 2. In a later

Order [Doc. 280] resending the March 18, 2025, Order to Movant at his new address, the Magistrate Judge cautioned that Movant's failure to timely file an amended motion would result in the Court presuming that he does not want to proceed seeking § 2255 relief and may result in dismissal of this action.

After Movant failed to file an amended motion or seek an extension, instead of recommending dismissal of the motion, the Magistrate Judge, in an abundance of caution, deemed the October 2021 § 2255 Motion to be the Operative § 2255 Motion pending before the Court. R&R at 7. The Magistrate Judge reviewed the Operative § 2255 Motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.[1] In reviewing Movant's claims, the Magistrate Judge determined that all of his claims are procedurally defaulted because he failed to raise them in his appeal, and Movant failed to demonstrate cause and prejudice, or a miscarriage of justice, to lift the procedural bar. R&R at 10-13. The Magistrate Judge thus recommends that the motion be denied, and that Movant be denied a certificate of appealability. Id. at 14-15.

---

[1] Under Rule 4(b), summary denial of a § 2255 motion is proper "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

It was not until after the R&R issued that Movant filed a Motion for an Extension to File an Amended § 2255 Motion ("§ 2255 Ext. Mot.") [Doc. 285], which this Court promptly denied, but Movant was granted an extension to file his objections [Doc. 286]. Nonetheless, Movant filed a Proposed Amended § 2255 Motion [Doc. 287] which appears to raise new claims.[2] He later filed his Objections to the R&R [Doc. 289].

## II.  LEGAL STANDARD

In reviewing a Magistrate Judge's R&R, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (internal quotation marks omitted) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings and

---

[2] The Clerk docketed an identical copy of Movant's proposed amended § 2255 motion (minus certain exhibits) [Doc. 288]. It must be stricken along with the original version of the motion as discussed below.

recommendations made by the Magistrate Judge," 28 U.S.C. § 636(b)(l), and need only satisfy itself that there is no plain error on the face of the record in order to accept the recommendation. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983). In accordance with 28 U.S.C. § 636(b)(l) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a de novo review of those portions of the R&R to which objections have been made and has reviewed the remainder of the R&R for plain error. See Slay, 714 F.2d at 1095.

### III. DISCUSSION

In his objections, Movant argues only that that he should have been permitted an extension to file an amended § 2255 petition because his prison was on lockdown for an extended period. Objs. at 1. He further contends that he filed his § 2255 Extension Motion before the thirty-day period to file an amended § 2255 motion expired. Id. at 2. However, the thirty-day period to file an amended § 2255 motion as provided in the Magistrate Judge's order expired on May 25, 2025, see March 25, 2025, Order [Doc. 282], and the earliest that Movant could be deemed to have filed his § 2255 Extension Motion is June 2, 2025. § 2255 Extension Motion at 1. Moreover, Movant had ample opportunity to file an amended § 2255 motion in this protracted action, and he was warned that his failure to timely file an amended motion might result in dismissal. Accordingly,

5

this Court properly denied his § 2255 Extension Motion, and the Proposed Amended § 2255 Motion must be stricken.

This Court has reviewed Movant's Proposed Amended § 2255 Motion in which he raises four grounds for relief. Three of those grounds (Grounds 1, 2, are 3) are procedurally defaulted because Movant did not raise them in his direct appeal. See R&R at 8-9 (discussing the procedural default doctrine). The Magistrate Judge already has determined that Movant has not shown cause and prejudice or a miscarriage of justice to lift the procedural bar, R&R at 12-13, and Movant has not objected to that determination.

The remaining claim in the proposed amended motion, Ground 4, is likely entirely defaulted, and to the degree that Movant could claim that he raised a portion of that claim (regarding the sufficiency of the evidence) in his direct appeal, the Eleventh Circuit reviewed the claim and resolved the issue adversely to Movant. Caldwell, 963 F.3d at 1078, 1080. "Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000) (alteration, quotation, and citation omitted)). It is thus clear that permitting Movant's proposed amendment would be futile as all the claims therein are subject to summary denial. See Cornelius v. Bank of America, NA, 585 F.

App'x 996, 1000 (11th Cir. 2014) (noting that a district court need not permit a pro se litigant's amended pleading when it "would still be properly dismissed").

Movant has not otherwise argued that the Magistrate Judge erred in recommending that his § 2255 motion be denied. In the absence of proper objections and pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72, the Court has examined the R&R for clear error and finds none.

### IV.  MOVANT'S REMAINING MOTIONS

Movant has three other motions pending before the Court. Two of those motions [Docs. 208, 215] are related to his request for relief under § 2255 and are moot. Movant styles the remaining motion [Doc. 193] as a Motion to Support the United States Request to Authorize Payment from Inmate Trust Account. Upon review, this filing is not a motion, as it seeks no relief. Rather, it is Movant's notice that he did not oppose the Government's motion to deduct certain funds from his inmate account to pay down his restitution obligation [Doc. 190], which this Court has already granted [Doc. 239].

### V.  CONCLUSION

For the foregoing reasons, and after a consideration of Movant's objections and a de novo review of the record, it is hereby **ORDERED** that Movant's Objections to the R&R [Doc. 289] are **OVERRULED**. As to the remainder of the

R&R to which no objections have been filed, this Court has reviewed it and the record for plain error and finds none.

The Court **APPROVES and ADOPTS** the Final Report and Recommendation [Doc. 283] as the Opinion and Order of this Court. It is hereby **ORDERED** that Movant's § 2255 Motion [Doc. 213] is **DENIED**. It is further **ORDERED** that Movant's Motion to Request Direct Appeal Transcripts [Doc. 208] and Motion for a Copy of His § 2255 Motion [Doc. 215] are **DENIED AS MOOT**.

The Clerk is **DIRECTED** to **STRIKE** Movant's Proposed Amended § 2255 Motion [Doc. 287] and the duplicate Proposed Amended § 2255 Motion [Doc. 288]. The Clerk is further **DIRECTED** to **TERMINATE** the Motion to Support the United States Request to Authorize Payment from Inmate Trust Account [Doc. 193]. Finally, the Clerk is **DIRECTED** close Civil Action No. 1:21-CV-4155-MHC.

This Court further agrees with the Magistrate Judge that Movant has failed to make "a substantial showing of the denial of a constitutional right," and a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2). See

<u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (discussing the standard for issuing a certificate of appealability when a court denies relief on procedural grounds).

**IT IS SO ORDERED** this 16th day of October, 2025.

_____
MARK H. COHEN
United States District Judge